MONSERRATE RIVERA, Plaintiff and Appellee, v. SALVIO DURÁN VÁZQUEZ, Defendant, and JUAN JOSÉ GERARDINO ET AL., Defendants and Appellants.

No. 8225. Argued June 16, 1941.—Decided November 18, 1941.

*Felipe Colón Díaz* for appellants. *Francisco Capó Pagán* for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

We are asked to dismiss this appeal on the ground that it is frivolous.

Monserrate Rivera brought, in the District Court of Ponce, an action against Salvio Durán and his two sureties, Juan J. Gerardino and Joaquín Ortiz, to recover the sum of $1,561.09 as damages for the wrongful attachment of her property in a suit to set aside a will which had been instituted by Durán against the present plaintiff and appellee. Said suit was decided by a judgment in favor of the then defendant Monserrate Rivera which was affirmed by this court on July 30, 1938. See *Durán* v. *Heirs of Durán,* 53 P.R.R. 714.

The District Court of Ponce adjudged the defendants Gerardino and Ortiz to pay, jointly and severally, to the plaintiff Monserrate Rivera $970 as damages and $150 as attorney's fees. It is from that decision that the defendants have taken the present appeal, in which they have assigned the following errors:

"1. The District Court of Ponce erred in denying our motion for a bill of particulars.

"2. The lower court erred in sustaining the complaint and in awarding the sum of $1,159.37 to the plaintiff, as the same is contrary to the documentary evidence submitted by the defendants and, moreover, contrary to the law in force in Puerto Rico regarding interest.

"3. The lower court erred in awarding to the plaintiff a sum larger than that offered by the defendants in their motion for a compromise.

"4. The lower court likewise erred in awarding attorney's fees to the plaintiff."

██ Monserrate Rivera in her complaint alleged that at the time the attachment was levied on the money deposited in her name in the bank she had negotiated a deal for the investment of $2,000 in a mortgage on real property at a rate of interest not below 12 per cent per annum, and that said deal could not be carried to completion on account of the attachment. The defendants moved that the plaintiff be ordered to reveal the name of the party to whom the money was to be lent and the immovable to be mortgaged. The lower court denied the motion because, in its opinion, the particulars sought constituted ''matter of evidence improper in a pleading.''

It is a matter for the sound discretion of the court whether a demand for a bill of particulars should be granted or refused. '49 C. J. 625, par. 887. As a general rule, a party can not be compelled to disclose his evidence nor the names of his witnesses. 49 C. J. 637, par. 900.

In the case at bar the defendants were sufficiently informed by the complaint of the nature of the damages which the plaintiff alleged to have sustained in consequence of the wrongful attachment of her money. The name of the person to whom the loan was to be made and the property to be mortgaged by the borrower as security, were not particulars absolutely necessary to enable the defendants to answer the complaint. As appears from the transcript of the evidence, it was shown at the trial that Samuel Soldevila Ferrer was the person with whom the loan had been contracted and the properties to be mortgaged were identified. The defendants had an opportunity to cross-examine the plaintiff and to contravert her statements.

The error, if any, caused no prejudice to the defendants and the assignment is frivolous.

██ The amount awarded as damages was $970.28 and not $1,159.37, as erroneously stated in the second assignment.

The statute in force on March 31, 1933, when the attachment was levied and when Mrs. Rivera negotiated the deal with Mr. Soldevila for the loan of $2,000 at 12 per cent per annum, was the act entitled: "An Act to fix a legal rate of interest on all obligations," approved March 1, 1902, as amended on March 12, 1903. Said act allowed the contracting of loans at a rate of interest not exceeding 12 per cent per annum. Act No. 5, approved August 17, 1933, amended the law enacted on March 1, 1902, and reduced the interest rate at 9 or 8 per cent, according to the amount of the obligation. Although said act became effective immediately after its approval, it can not be applied to an obligation contracted prior to that time. Therefore, the lower court did not err in computing the damages suffered by the plaintiff on the basis of the stipulated rate of 12 per cent.

■ The last two assignments are entirely without merit. The effort of a compromise made by the defendants during the pendency of the suit was not binding upon the plaintiff. The latter refused the offer to compromise and obtained judgment for a larger sum than the one offered. See Section 313 of the Code of Civil Procedure.

■ It is within the sound discretion of the trial court to impose the payment of attorney's fees on the defeated party. The sum awarded in this case is, in our opinion, reasonable. We fail to find any basis for the contention that the lower court abused its discretion.

The appeal must be dismissed as frivolous.

Mr. Justice Todd, Jr., took no part in the decision of this case.